## (May 23, 1962)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v. CHARLES TRUDEAU, Also Known as CHARLES TRUEDELL, Also Known as CHARLES DEVEREAU, Also Known as PAUL DENNING, Respondent-Appellant.— Appeal by defendant unanimously dismissed upon the ground that the order appealed from is not appealable. Appeal by the People unanimously dismissed in accordance with the memorandum. Memorandum: The trial court at the close of the People's case granted defendant's motion to dismiss the second and third counts of the indictment charging forgery, second degree, and the fifth count charging grand larceny, first degree, the latter in violation of section 1293-a of the Penal Law. The People appeal. Subdivision 3 of section 518 of the Code of Criminal Procedure authorizes an appeal by the People " From an order of the court, made at any stage of the action   *   *   *   dismissing the indictment on a ground other than the insufficiency of the evidence adduced at the trial ". It is clear that the motions made by the defense herein were addressed to the sufficiency of the proof adduced by the People and were not made on any defect or legal insufficiency appearing on the face of the three counts as set forth in the indictments. Thus at the outset defense counsel stated: " I would like to make various motions addressed to the indictment *and the sufficiency of the proof.*" (Emphasis supplied.) It is plain from a reading of the following 63 pages of the transcript that both the court and respective counsel were addressing themselves to the sufficiency, or lack thereof, of the proof. Finally the court dismissed the fifth count " for failure of proof." After a short recess the court granted the motion to dismiss all three counts. While the court did not again repeat ritualistically the basis of its decision, it is plain that all counts were dismissed because of " the insufficiency of the evidence adduced at the trial ". It follows that an appeal from such order is barred by the exception contained in subdivision 3 of section 518. (Cf. *Matter of Kraemer* v. *County Court,* 6 N Y 2d 363.) (Appeals from order of Onondaga County Court dismissing the second, third and fifth counts of an indictment No. 9270 charging the defendant, Charles Trudeau, with forgery, second degree (two counts) and grand larceny, first degree, (Penal Law, § 1293-a), at the close of the People's case, and denying motion to dismiss the other two counts.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

The District Attorney has failed to submit any proof to sustain his claim that a fair and impartial trial cannot be had in the Onondaga County Court. The cross-examination by the prosecutor of the defense witnesses, Nolan and Fox, was improper and highly prejudicial to the defendant. If a mistrial had not been granted a jury verdict finding defendant guilty of any crime would have been placed in serious jeopardy by this improper cross-examination. The other charges in the moving papers leveled against the trial court and the Presiding Judge thereof are without merit. It is alleged, among other things, that " The favor of the Court to the defendant's case is shown ＊ ＊ ＊ in its continued refusal to allow the People to make offers of proof." To substantiate this serious charge it is claimed that the court refused to receive in evidence telephone conversations claimed to have been made between the victim of the homicide before her death and third persons not in the presence of the defendant. Such evidence was so clearly inadmissible that the persistence of the prosecutor in now using it to sustain a charge that the trial court was biased is difficult to understand. We have examined all of the allegations of the District Attorney and in fairness to the Presiding Judge state that the charges of bias and unfairness are without basis in fact. Indeed, the Trial Judge acted with remarkable restraint under highly provocative circumstances.